UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBI L. BUSAM,                                                                                           6:11-cv-6181-TC

                          Plaintiff,

                             v.                                                                   OPINION AND ORDER

DANIEL R. WILKINSON and JOHNSON
MARK, LLC,

                                    Defendants.

COFFIN, Magistrate Judge:

      This action stems from an attempt to serve plaintiff Debi Busam in a debt collection action defendants filed in Marion County Circuit Court in December 2010. After several failed attempts to serve Busam with the state court complaint, defendants got an Experian Credit Report showing that Busam resided at the Vale Court residence where defendants had first attempted to serve her. As service to the Vale Court address had already failed, defendants prepared a subpoena for records to be served on BAC Home Loans Servicing, LP, the company servicing Busam's mortgage. The subpoena requested itemized and general documents that would conform Busam's place of

Page 1 - OPINION AND ORDER

residence, phone number and/or place of employment. Defendants mailed a copy of the proposed subpoena to Busam's last known address at Vale Court in February 2011. Busam received the proposed subponea shortly after it was mailed, but took no action. In May 2011 BAC Home Loans confirmed that Busam lived at the Vale Court address.

Defendants again attempted to serve Busam at the Vale Court address, this time using a sheriff to effect service. The sheriff served Busam at the Vale Court address on May 25, 2011. Busam admitted that on or before May 19, 2011 she was aware that a debt collection case had been filed against her, and she was intentionally avoiding service of court documents related to the debt collections case.

On May 31, 2011, shortly after being served in the state court case, Busam filed this action alleging that defendants' use of the subpoena violated several provisions of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq. On June 6, 2012, defendants moved for summary judgment, contending that their conduct in serving the summons in the underlying state court case did not violate the FDCPA. The same day they filed the motion for summary judgment, defendants also filed a motion to compel.

After the time for Busam to respond to the motions expired without any response or request for extensions of time, I ordered Busam's counsel to show cause why he had failed to respond to the motions. (#29). I cautioned that failure to respond to the order to show cause would result in dismissal of this action. (Id.) To date, Busam's counsel has not responded to the order to show cause (or otherwise communicated with the court). The parties have consented to magistrate judge jurisdiction. For the following reasons, I grant the motion for summary judgment and deny the motion to compel.

Page 2 - OPINION AND ORDER

## Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id. The nonmoving party "may not reset upon the mere allegations or denials of his pleading, but...must set forth specific facts showing that there is a genuine issue of fact for trial. Anderson, 477 U.S. at 248.

## Discussion

Defendants contend that the facts establish that they did not violate the FDCPA; thus they are entitled to summary judgment. First, defendants note that the FDCPA allows a debt collector to contact a third party regarding debt collection efforts if the collector has prior consent from the debtor. 15 U.S.C. § 1692c(b). Busam admits that she received a copy of the subpoena prior to its service on third party BAC Home Loans and that she "consented to the service of a subpoena for information exactly like, or substantially similar, to the subpoena from defendants to BAC Home Loans...." (#23-2). Next, defendants contend that the FDCPA expressly allows communications to third parties for the purpose of obtaining information about a debtor's location under 15 U.S.C. §

Page 3 - OPINION AND ORDER

1692b(1-6). Here, defendants served the subpoena after initial attempt to serve plaintiff had failed. Plaintiff does not dispute that subpoena defendants subsequently sent to BAC Home Loans would be helpful in locating her, did not state that she owed any debt or disclose that defendants were debt collectors or attempting to collect a debt. Finally, defendants contend that the subpoena complied with the Oregon Rules of Civil Procedure. Specifically, the use of a subpoena to gather information is consistent with discovery under the Oregon Rules. Busam does not dispute this.

Accordingly, I find that the undisputed material facts establish that defendants' subpoena did not violate the FDCPA, and defendants are entitled to judgment as a matter of law.

As noted above, defendants move to compel responses to their discovery requests. Given that I find that defendants are entitled to summary judgment on Busam's claims, all outstanding discovery requests are moot. Accordingly, I deny the motion to compel as moot.

### Conclusion

I grant Defendants' motion for summary judgment. (#21). This case is dismissed with prejudice. I deny defendants' motion to compel (#25) as moot.

The Clerk is directed to enter judgment in accordance with this order.

DATED this 26 day of July 2012.

THOMAS M. COFFIN
United States Magistrate Judge